

120 Bloomingdale Road
White Plains, NY 10605

Telephone: 914.422.3900
Fax: 914.422.3636
www.oxmanlaw.com

**Marc S. Oxman**
moxman@oxmanlaw.com

May 21,

> Application granted. The motion has been withdrawn by Appellant.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 11.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> May 24, 2021

**BY ECF & E-MAIL**

Honorable Philip M. Halpern
U.S. District Court, Southern District of N.Y.
300 Quarropas Street
White Plains, New York 10601

Re: In re: Mosdos Chofetz Chaim Inc. (Index No: 21-cv-2878)
~~In re: Mosdos Chofetz Chaim Inc. (Index No: 21-cv-2872)~~

Dear Judge Halpern:

I represent Plaintiff-Appellant Rabbi Mayer Zaks ("Appellant") in the above captioned actions. Rabbi Zaks is the spiritual leader of the synagogue located at 1-60 Kiryas Radin Drive, Spring Valley, New York 10977 (the "Synagogue").

On April 9, 2021, Appellant made an emergency motion for a temporary restraining order. This Court set forth a briefing schedule, ordering Defendants-Appellees to show cause why preliminary injunctive relief and a stay pursuant to Federal Rule of Bankruptcy Procedure 8007(b) should not be entered. Appellant's opening brief was due yesterday, May 20, 2021.

I now write to inform the Court that Appellant will not seek the aforementioned relief at this time and to respectfully request the Court's permission withdraw our motion without prejudice.

I have been advised that the Congregants of the Synagogue have filed an action in New York Supreme Court, Rockland County, pursuant to New York Religious Corporation Law §§ 5, 200. In sum, those laws expressly restrict the power of boards and/or trustees of religious corporations from making any decisions regarding the spiritual leadership of religious institutions. Congregants alone have the power to decide who will be their minister, or, in this case, rabbi.

Given that the emergency relief sought by the Congregants in that action mirrors that which would have been sought by Appellant herein, Appellant seeks to withdraw the motion in the interest of judicial efficiency. Of course, we believe that the interests of justice would be best served if Your Honor were to reiterate its previously expressed view that the status quo between the parties be maintained pending a resolution of this matter.



We intend to perfect Appellant's appeal. A review of the record below leads to the inexorable conclusion that, in its zeal to uphold its Plan of Bankruptcy at all costs, or, perhaps, in a heavy-handed attempt to encourage settlement, the Bankruptcy Court made a number of egregious, reversible errors.

Respectfully,

OXMAN LAW GROUP PLLC

MARC OXMAN

MSO:lh
cc:    All counsel (via email)